Cuma, per
Nott, J.
This has been a very vexatious question in-England, and one on which very eontradicto-tory opinions have been entertained. It seems to bo admitted that where the husband has. abjured the realm (as it is called) he is considered as if civilly dead and the wife will be considered as a feme sole-and may' sue and he sued as such. Clancy, from pages 7 to 14. The same doctrine will -also be found to be' recognized iii several other authorities to which I shall have occasion to refer. And upon that principle this Court in the case of Alex' ander Bean vs. Elizabéth Morgan, where the husband had left the country; under'circumstances which furnished *430 strong reasons to believe that he had abandoned his wile and never intended to return and where he had not been heard of for six or seven years, held that the wife might be considered as a feme sole and was able to contract and to sue, and liable to be sued as such. And that is as far I believe as any of the decisions in this State have gone,
In the case of Corbet vs. Poelnitz, 1 D. & E. 5, the Court of King’s Bench held that “ a feme covert living apart from her husband and having a separate maintenance, may contract and sue and be sued as a feme sole;” Lord Mansfield considered her in the same situation as if the husband had been in exile, or had abjured the realm. Ringstead vs. Lady Lanesborough, Lawes on Plead. 552; Barewell vs. Brooks, Ib. 60. Judge Rives in bis treatise on domestic relations, has reviewed all the decisions on the subject, and has gone into an elaborate defence of the case of Corbet and Poelnitz. And the conclusion to which he has arrived at, is, that where the husband and wife live apart, and the wife has a separate estate and maintenance she is liable as a feme sole ; Domestic Rel. C. 8, p. 39. But even those cases do not support the principle now contended for, because the wife in this case had no separate estate and settlement although she was abandoned by her husband and permitted to enjoy some separate property.
The doctrine has since undergone a more thorough discussion in the case of Marshall and Rutton, 8 D. & E. 545, and several other cases in the English Courts. The case of Marshall and Rutton on account of the importance of the question was argued before all the Judges of England; and the conclusion to which that Court unanimously arrived at, was, that “ a feme covert cannot contract and sue and be sued as a feme sole even though she be living apai’t "from her hu .band, having a separate maintenance by deed.” See also Marshall vs. Hutchison, 2 B. *431 & P. Days Edit. 226, where a great variety of cases are referred to, on the subject, and Bogget vs. Frier, and another, 11 East., Day’s edition, 307, and the cases there cited, from all of which it will appear that the case of Marshall and Ru'tton is now considered as the settled law in England. It would seem from the case of Walford vs. the Duchess De Pienne, 2 Esp R. 654, and the cases there referred to, that, in the case of an alien, the law maybe otherwise. ?5ut there is no case where the husband and wife are living in the same, state,, the wife having no separate estate secured to her by deed, that she has been considered as able to contract, and to sue and be sued as a feme sole. I concur, therefore, in opinion with the presiding Judge, and think this motion ought to be refused. Nonsuit affirmed.